STATE OF WEST VIRGINIA
SUPREME COURT OF APPEALS

**FILED**

May 24, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**In Re: L.Y. and T.M.**

**No. 13-0023** (Webster County 12-JA-34 and 35)

## MEMORANDUM DECISION

Petitioner Mother filed this appeal, by counsel Daniel R. Grindo, from the Circuit Court of Webster County, which terminated her parental rights by order entered on December 11, 2012. The guardian ad litem for the children, Michael Asbury Jr., has filed a response supporting the circuit court's order. The Department of Health and Human Resources ("DHHR"), by its attorney Angela Alexander Walters, has also filed a response in support of the circuit court's order.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

In June of 2012, the DHHR filed the underlying petition after the children's parents were arrested for killing three individuals shot in the family's front yard. Petitioner was arrested for acting in concert with the father for the murder of these individuals. Child L.Y. was present in the home during these shootings while child T.M. was away at summer camp. At adjudication, both parents stipulated to the events that occurred at the end of June of 2012 that surrounded the three killings and the circuit court found the children abuse and neglected. At the dispositional hearing, the children's caseworker and psychologist testified about the children's stress and nightmares subsequent to these events. Following this dispositional hearing, the circuit court terminated parental rights to both children. Petitioner Mother appeals this order.

On appeal, Petitioner Mother argues two assignments of error. First, she argues that the circuit court erred in finding abuse and neglect when she acted to defend her child. She raises that there is no evidence to support that she did anything to harm L.Y. when the shootings took place. Rather, she took L.Y. and hid her upstairs underneath a bed whenever the three individuals had first arrived to the home. In response, the children's guardian ad litem and the DHHR contend that the circuit court did not err in adjudicating the parents as abusive and neglectful and the children as abused and neglected. They highlight that, earlier on the day of the killings, L.Y. was exposed to an altercation between her parents and the three individuals who were later killed. Further, the bedroom L.Y. was placed in overlooked the front yard and, after the shootings occurred, L.Y. observed her parents attempting to hide one of the dead bodies.

1

Second, Petitioner Mother argues that the circuit court erred in terminating her parental rights when the trauma her children have suffered is beyond petitioner's control. Petitioner Mother argues that her incarceration and separation from the children have only worsened their trauma and confusion and, that, accordingly, the circuit court should have permitted services to assist the family. In response, the children's guardian ad litem and the DHHR argue that the circuit court properly terminated parental rights. They argue that the parents have failed to acknowledge any acts of violence that harmed the children and that they have continued to deny responsibility for any wrongdoing.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

Upon our review, the Court finds no error in the circuit court's adjudication of abuse and neglect or in its termination of Petitioner Mother's parental rights. With regard to adjudication, we find that the circuit court did not err in finding that, due to the parents' exposure of violence to their children in the home, the children were abused and neglected as defined in West Virginia Code § 49-1-3. A copy of the adjudicatory order in the appellate record provides petitioner's stipulations to the gruesome events that occurred at the residence. With regard to termination, the appellate record provides that the circuit court contemplated not only petitioner's incarceration, but also the children's best interests and permanency. We find that the circuit court was presented with sufficient evidence upon which it based findings that there was no reasonable likelihood to believe that conditions of abuse and neglect could be substantially corrected in the near future, and that termination was necessary for the children's welfare. Pursuant to West Virginia Code § 49-6-5(a)(6), circuit courts are directed to terminate parental rights upon such findings.

For the foregoing reasons, we affirm the circuit court's order terminating petitioner's parental rights to the subject children.

Affirmed.

**ISSUED:** May 24, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II